CLARENCE WALLACE, APPELLEE, V. ELLEN CLEMENTS ET AL., APPELLEES: JOHN CLEMENTS ET AL., APPELLANTS.

FILED OCTOBER 6, 1933. No. 28502.

*A. R. Oleson,* for appellants.

*Zacek & Nicholson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

ROSE, J.

On appeal from a judgment confirming a judicial sale in a suit to foreclose a mortgage, mortgagors, defendants, presented an original application to the supreme court

for a moratorium delaying until March 1, 1935, further judicial action and granting them the right to remain in possession and to redeem the mortgaged land in the meantime. The application is made under the moratory act of the legislature adopted March 2, 1933. Laws 1933, ch. 65, sec. 1.

Mortgagee, plaintiff, objected to the granting of a moratorium on the grounds, among others, that the question as to the right of defendants to such relief is not presented by the record in the foreclosure suit and that the moratory act of the legislature is unconstitutional and void. These questions were discussed in briefs and orally argued at the bar. If the preliminary question is not presented by the record, the constitutional question should not be considered herein, as, in that contingency, an opinion would be mere dictum, open to future controversy. In an action in which the validity of the moratory act must be authoritatively determined for the first time, the court of original jurisdiction and the litigants should not be embarrassed by previous dicta on that subject.

This is a suit in equity to foreclose a mortgage on lands of defendants in Cuming county. It was properly commenced and determined in the district court for Cuming county. The amount due on the mortgage was $12,076 April 8, 1931. On that date, in default of payment, a decree of foreclosure was entered. Defendants took a stay of execution for nine months. Thereafter, under an order of sale issued February 10, 1932, the sheriff sold the mortgaged land to plaintiff for $12,000. From an order confirming the sale, defendants appealed to the supreme court, where the confirmation was affirmed April 14, 1933, after a full hearing and a review of the record. *Wallace v. Clements*, 124 Neb. 691.

The application for a moratorium was filed in the supreme court April 3, 1933, while the cause was under advisement, 11 days prior to the affirmance of the judgment of the district court and 32 days after the moratory

act was approved with an emergency clause March 2, 1933. The jurisdiction of the supreme court is granted and limited by the following provision of the Constitution:

"The supreme court shall have jurisdiction in all cases relating to the revenue, civil cases in which the state is a party, mandamus, quo warranto, habeas corpus, and such appellate jurisdiction as may be provided by law." Const. art. V, sec. 2.

This original jurisdiction is thus limited to cases relating to the subjects thus enumerated and cannot be extended to other subjects by legislation. *State v. Hall,* 47 Neb. 579. Neither the application for a moratorium nor the case in which it was originally filed on appeal relates to the revenue, a civil case in which the state is a party, mandamus, quo warranto, or habeas corpus, and neither is within the original jurisdiction of the supreme court.

Is the constitutionality of the moratory act a question presented by the record? It is well-settled law that an issue not raised in the trial court is not generally cognizable in the appellate court. *First Trust Co. v. Glendale Realty Co., ante,* p. 283, and cases cited in the opinion. The application is no part of the record for review in the case at bar. It was not, and of course could not have been, presented to the district court before trial and judgment below. Such a remedy was not then in existence. It is argued, however, that the supreme court has jurisdiction of the parties and subject-matter and may remand the cause to the court below for the purpose of granting the new statutory relief in an emergency. The application does not require a departure from well-settled rules of appellate procedure. The district court administered justice according to well-settled rules of law and equity when the judicial sale was confirmed and plaintiff's right to possession adjudicated. There was no error in the proceedings or decree. The granting of a moratorium until March 1, 1935, permitting defendants

to retain possession until that date, would require the reversal of a valid judgment on a question not presented to or considered by the district court or raised in the supreme court by the record for consideration—a course at variance with proper appellate procedure.

The application herein for a moratorium is therefore denied and the question as to the validity of the moratory act left open for future determination in a case wherein it is properly raised.

MORATORIUM DENIED.