LINDSEY DUNLAP, APPELLEE, v. MARGARET WELCH ET AL., APPELLANTS.

41 N. W. 2d 384

Filed March 7, 1950. No. 32713.

*Wear & Boland,* for appellants.

*Burbridge & Burbridge,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a personal injury action brought by a pedestrian against the driver of an automobile and her father, the owner of the car. The jury returned a verdict for defendants. The trial court granted a new trial and defendants appeal.

The accident occurred on December 13, 1947, at approximately 7:30 p. m., in or near the intersection of Fifteenth and Harney Streets in Omaha. Harney Street runs east and west and intersects Fifteenth Street. The intersection is within the business district of the city of Omaha and traffic into it is controlled by traffic lights on each of its four corners.

Plaintiff testifies that immediately before the accident he was walking south on the west side of Fifteenth Street. He says that he waited for a green light before starting across Harney Street and then proceeded into the crosswalk portion of the street, looking to the south and east before so doing. When he was approximately ten feet south of the north curb line of Harney Street he was struck by an automobile which he described as a black sedan. He states that he did not see the car until just before it hit him. He says that after the accident he was lying on the pavement about six feet southwest of the car. The car was standing about ten feet west of the crosswalk.

Plaintiff produced a witness who was proceeding across Harney Street from south to north during the happening of the events herein mentioned. This witness testifies that the black sedan was coming from the north on Fifteenth Street and made a right-hand turn to the west on Harney Street, striking the plaintiff as he was

walking across the street in the crosswalk area. He states that plaintiff was struck by the left fender of the car and thrown in a southwesterly direction. He says that after the accident plaintiff was lying between the streetcar tracks and 15 or 20 feet west of the crosswalk on Harney Street.

The evidence of the driver of the car and her witnesses is that she was driving a gray sedan west on Harney Street and proceeded across Fifteenth Street from the east after waiting for a green light at the intersection. Some distance west of the northwest corner of the intersection two automobiles were parked. The evidence is that plaintiff came out between these two cars and walked into the side of defendant's car, although she turned her car to the left in an attempt to avoid the accident. The evidence of defendants is to the effect that plaintiff walked into the right rear fender of the car and was found to the rear and north of the car. The evidence of defendants is that plaintiff was approximately 35 feet west of the crosswalk after the accident. While the evidence is very conflicting, the foregoing adequately states the issues for the purposes of this appeal.

The issues raised by the evidence were submitted to the jury, which returned a verdict for the defendants. The trial court granted a new trial and the defendants contend that the order granting a new trial was erroneous.

An order granting a new trial is an appealable order under the provisions of section 25-1315.03, R. R. S. 1943. A new trial may be granted by a trial court only if the record reveals error prejudicial to the rights of the unsuccessful party. The discretion of the district court in granting a new trial is a legal one and a new trial may not be granted where the record is free from prejudicial error. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772; Wagner v. Loup River Public Power District, 150 Neb. 7, 33 N. W. 2d 300.

Plaintiff contends that the trial court committed prejudicial error in failing to properly instruct the jury that there was no duty on plaintiff's part to maintain a lookout to the rear to avoid a charge of contributory negligence. It will be observed that plaintiff's theory of the case was that defendant's automobile made a right-hand turn onto Harney Street and struck plaintiff while he was crossing Harney Street on the crosswalk provided for pedestrian use. The trial court, even in the absence of a request to do so, is obliged to instruct fully on plaintiff's theory of the case. In the present case the court instructed that it would be plaintiff's duty in crossing the street "to use ordinary care to see what could reasonably be seen in the way of traffic then in the intersection and crossing it, and his failure to make observation of that which was plainly visible would be evidence of negligence on his part." There was no duty imposed on plaintiff to see the car driven by defendant Margaret Welch under plaintiff's theory of the case. The trial court therefore failed to properly instruct on plaintiff's theory that plaintiff, if proceeding from north to south on the crosswalk, had a right to assume that vehicles approaching from the rear would exercise ordinary care in keeping a lookout, and that under such circumstances he was under no duty to maintain a lookout to the rear to avoid a charge of negligence on his part. Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549. We think the trial court correctly found that the instructions contained prejudicial error.

Defendants contend that a verdict for the defendants is the only verdict justified by the evidence and that error in the instructions cannot therefore constitute reversible error. Such a contention can be sustained where the evidence warrants the direction of a verdict. Such is not the case here. Two theories as to how the accident happened are presented which are supported by evidence. The facts are for the jury to resolve and consequently an erroneous instruction prejudicial to the

rights of the unsuccessful party constitutes grounds for a new trial. The trial court did not abuse its discretion in granting a new trial under such circumstances.

AFFIRMED.