Violet Krepcik, Administratrix of the Estate of
Calvin L. Krepcik, deceased, appellant, v.
Interstate Transit Lines, a corporation,
appellee.

43 N. W. 2d 609

Filed July 19, 1950.   No. 32594.

*Beatty, Clarke, Murphy & Morgan,* and *William S. Padley,* for appellant.

*C. B. Matthai, G. C. Holdrege, R. B. Hamer,* and *James G. McIntosh,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages for the death of plaintiff's decedent. The cause was tried to a jury, resulting in a verdict for the plaintiff. The defendant filed a motion for judgment and, in the alternative, for a new trial. The motion for judgment was sustained and judgment rendered in favor of defendant. The trial court reserved a ruling on the motion for a new trial. On appeal here, by our opinion in 152 Neb. 39, 40 N. W. 2d 252, we reversed the judgment and remanded the cause with directions to reinstate the verdict and judgment thereon, and with the further direction that the motion of the defendant for a new trial be considered and a determination made thereon in the trial court. We granted rehearing, the argument to be limited to a consideration of section 25-1315.03, R. R. S. 1943, and the effect to be given to that section with respect to the duty and authority of this court to consider the merits of defendant's motion for a new trial filed in the district court, and the merits of defendant's motion for a new trial. The matter has been extensively briefed and reargued. On reconsideration we modify our former opinion and hold that the merits of the motion for a new trial are for determination here, and, on the merits, grant a new trial.

At the close of the trial and after both parties had rested, the defendant moved to dismiss the jury and enter judgment for the defendant, or, in the alternative, to instruct the jury to return a verdict for the defendant for four reasons: (1) The insufficiency of the evidence as to the negligence of the defendant; (2) the evidence established that the sole and proximate cause of the accident was the negligence of the decedent; (3) decedent was guilty of more than slight negligence; and (4) under all the evidence the jury would not be justified in returning a verdict in favor of plaintiff.

The court overruled the motion, and submitted the matter to the jury with the result of a verdict for the plaintiff.

Thereupon the defendant moved the court to set aside its order on defendant's motion made at the close of all the evidence, to set aside the verdict and the judgment, to enter an order sustaining the motion made at the close of the evidence, and to enter judgment in favor of defendant on the motion. In the same instrument the defendant moved that, in the event the above outlined motion was denied, the verdict be set aside and a new trial be granted upon 36 specific grounds. The matter was heard by the court upon both phases of the motion. The court sustained the motion as to the motion made at the close of all the evidence and dismissed plaintiff's causes with prejudice. The court then ordered that, defendant's motion for a new trial having been made in the event that judgment on its earlier motion was denied, "* * * it is not now necessary for the Court to rule upon said motion for a new trial, and decision and ruling thereon is therefore expressly reserved."

The matter came here on appeal and was first considered on a motion of the defendant to affirm the judgment. That motion was denied in Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533. The matter was again before us in our decision that is now being considered on rehearing.

The first question is whether the disposition made in remanding the cause to the trial court for a ruling on the motion for a new trial was correct. The merits of the motion are for determination in the event we find our previous order to be incorrect.

We are now of the opinion that we erred, and that we did not give full consideration to the remedial nature of this statute and to the difference in the powers of trial courts in granting new trials in the federal system and in this state, and particularly we erred in not giving

consideration to the provisions of section 25-1315.03, R. R. S. 1943.

The statutes here involved provide: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within ten days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within ten days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." § 25-1315.02, R. R. S. 1943.

"An order entering judgment as provided in section 25-1315.02, or granting or denying a new trial, is an appealable order, and the time for taking appeal shall commence to run from the date of entry of such order. The Supreme Court on appeal from an order granting a new trial, or upon a review of an order denying a new trial in the action in which such motion was made, or on appeal from the judgment, may order and direct judgment to be entered in favor of the party who was entitled to such judgment." § 25-1315.03, R. R. S. 1943.

"In construing remedial statutes, there are three elements to be considered: (1) The old law, (2) the mischief, and (3) the remedy; and, unless restrained by constitutional authority, it is the duty of courts to so construe

such acts as to suppress the mischief and advance the remedy." Placek v. Edstrom, 148 Neb. 79, 26 N. W. 2d 489, 174 A. L. R. 856.

In Securities Investment Corporation v. Indiana Truck Corporation, 129 Neb. 31, 260 N. W. 691, we quoted with approval this language: "Black, Interpretation of Laws (2d ed.) 487, sec. 140, in discussing remedial statutes, says: 'Remedial statutes are to be liberally construed with a view to effectuate the purposes of the legislature; and if there be any doubt or ambiguity, that construction should be adopted which will best advance the remedy provided and help to suppress the mischief against which it was aimed. It is "an old and unshaken rule in the construction of statutes that the intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression shall be deemed general," ' quoting from Brown v. Pendergast, 7 Allen (Mass.) 427."

In our decision in Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533, we stated the old law, the mischief, and the remedy, insofar as it related to the question of a motion for a directed verdict, in this language: "A district court was not, prior to an act of the Legislature of 1947 (Laws 1947, c. 85, p. 262), authorized to render a judgment notwithstanding the verdict except where, upon the statements in the pleadings, one party was entitled by law to a judgment in his favor. Where the pleadings did not show a right to a judgment, the court could not disregard a verdict and enter such a judgment as the evidence justified. If the verdict was not sustained by the evidence or was contrary to law, the remedy was, on motion therefor, to award a new trial. If the trial court was convinced it erred in submitting the case to the jury and should have directed a verdict, the remedy was a new trial, not a judgment of dismissal. § 25-1315, R. S. 1943; Winterson v. Pantel Realty Co., 135 Neb. 472, 282 N. W. 393. The limitation of this pro-

cedure was thought to be unjust because it sometimes coerced the losing party to compromise or abandon legal rights involved in the case or to suffer the delay, expense, and effort of another trial upon what frequently proved to be substantially the same evidence. It was believed that if material error occurred in the case during the trial and this was discovered or determined upon further consideration after the trial when there was better opportunity for further study, the court should be authorized to grant a new trial, or without another trial, to render judgment for the party entitled thereto as a matter of law, upon the evidence which had been produced. It was because of this that the Legislature of 1947 changed the rule and prescribed a new procedure in this regard.  * * * At the time the act of the Legislature of 1947 above referred to became effective, it was a part of the procedure of this state that if a motion for a directed verdict was made during the trial of the cause, the ruling of the court thereon could not be reviewed by this court unless it was, by the party aggrieved by it, assigned as error in a motion for a new trial, and a ruling thereon secured in the trial court.  Albright v. Peters, 58 Neb. 534, 78 N. W. 1063; Link v. Reeves, 3 Neb. (Unoff.) 383, 91 N. W. 506.  See, also, Waxham v. Fink, 86 Neb. 180, 125 N. W. 145, 28 L. R. A. N. S. 367. A failure to observe this requirement, if the motion for an instructed verdict was sustained, limited the review in this court to a determination that the pleadings did or did not support the judgment rendered on the verdict in accordance with the direction of the court."

As to new trials, the law, prior to the adoption of section 25-1315.03, R. R. S. 1943, was: "An order of a district court setting aside the verdict of a jury and granting a new trial is not a final order from which a direct appeal may be taken to this court." Egan v. Standard Oil Co., 132 Neb. 518, 272 N. W. 327.

The mischief of this rule is well illustrated in Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W.

2d 772. There a party was compelled to wait until a final order was made in the second trial in order that he could present here the question of whether or not the trial court erred in granting a new trial. We there held: "Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." There the party who was successful in the first trial was delayed in securing a determination here of whether or not there was prejudicial error in the proceedings of the first trial until after he had undergone the cost and effort of a second trial. To that extent justice was denied.

The remedy adopted by the Legislature by section 25-1315.03, R. R. S. 1943, was to provide that an order granting or denying a new trial is an appealable order. As we said in Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533, the purpose of this was to eliminate needless costs and effort, and to simplify and expedite the final disposition of litigation. If the terms of the act will reasonably permit, it should be construed to accomplish that purpose.

In our decision in this case (Krepcik v. Interstate Transit Lines, 152 Neb. 39, 40 N. W. 2d 252), we relied upon and followed Montgomery Ward & Co. v. Duncan, 311 U. S. 243, 61 S. Ct. 189, 85 L. Ed. 147, and United States Circuit Court decisions cited therein. In doing so we did not recognize the distinction between the broad unreviewable discretion of a federal trial judge to grant motions for a new trial as set out in those opinions, and the explicitly limited reviewable power of a trial court in this state. Here the rules, recently stated in Greenberg v. Fireman's Fund Ins. Co., *supra,* are:

"The district court has an inherent power as a matter of judicial grace to consider assignments of error and to grant a new trial even though the motion was not made within the time required by statute. The inherent power

of the court to grant a new trial is limited to those situations where prejudicial error appears in the record of the proceedings. It expires with the term of court at which the judgment was rendered."

"The district court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion."

"As used in this connection judicial discretion means the application of statutes and legal principles to all of the facts of a case."

"The power of judicial discretion authorizes and requires the court to determine the question as to whether or not a legal reason exists for the granting of a new trial. If a legal reason exists and the complaining party makes his application in writing within the time fixed by statute, the court has no discretion in the matter and the motion must be sustained. If a legal reason does not exist, the court has no discretion in the matter and the motion must be denied."

"That rule does not authorize the district court to invade the province of the jury and to set aside the verdict and grant a new trial because the court arrived at a different conclusion than the jury on the evidence that went to the jury."

In the Montgomery Ward case the court was construing and applying Rule 50 (b) of the Federal Rules of Civil Procedure. As we stated in our opinion, this rule is identical with our section 25-1315.02, R. R. S. 1943.

More important than the distinction above made is the fact that Federal Rule 50 (b) and our section 25-1315.02, R. R. S. 1943, deal with the power of a trial court. The question here presented deals with the power of this court on appeal. The Montgomery Ward case was decided December 9, 1940. Over six years later, our Legislature enacted what is now section 25-1315.03, R. R. S. 1943, dealing with the power of this court on appeal. In that act it provided: "The Supreme Court on appeal from an order granting a new trial, or upon

a review of an order denying a new trial in the action in which such motion was made, or on appeal from the judgment, may order and direct judgment to be entered in favor of the party who was entitled to such judgment." Laws 1947, c. 85, § 1 (2), p. 263. The question then is, what is our power of review under this act?

No such a rule was involved in the Montgomery Ward case. The absence of a rule making clear the power of the appellate court was commented on in Binder v. Commercial Travelers Mut. Acc. Assn., 165 F. 2d 896.

Section 25-1315.03, R. R. S. 1943, was patterned after the South Dakota statute. § 33.1705, 2 S. D. Code, 1939. However, the Judicial Council, apparently as the result of their study, caused a significant change to be made therein when the bill was proposed for introduction in our Legislature. (Legislative Journal 1947, p. 168.) It is not our province to construe the statutes of other states in this action. It appears, however, that the South Dakota statute and others cited limit the Supreme Court to a determination of the merits of the motion for a directed verdict, for it is provided that the court may "* * * direct judgment to be entered in favor of the party who was entitled to have such verdict directed in his or its favor, whenever it shall appear from the testimony that the party was entitled to have such motion granted." § 33.1705, 2 S. D. Code, 1939. Our statute is not so limited. While our statute was copied in part from the South Dakota act, it is obvious that the Judicial Council and the Legislature intentionally omitted the limiting language quoted, and instead used the much broader language, "* * * may order and direct judgment to be entered in favor of the party who was entitled to such judgment." § 25-1315.03, R. R. S. 1943. For these reasons we do not deem it necessary to review the decisions of those states here. Neither do we deem it necessary to review our own decisions dealing with comparable situations prior to the adoption of this act. It is patent that in adopting a procedural statute such

as ours, the Legislature cuts a new path through existing rules in so doing. Our task is to construe and apply the new procedure.

Clearly section 25-1315.03, R. R. S. 1943, vests the power here on appeal to review the action taken by the trial court in any action taken under section 25-1315.02, R. R. S. 1943, and to enter here the judgment in favor of the party who was entitled to the judgment in the trial court. Such a decision is consistent with the purpose to eliminate needless costs and effort and to simplify the final disposition of litigation.

But here the trial court, while ruling on the motion for a directed verdict, expressly did not rule upon the motion for a new trial, although that motion was presented. The effect of the judgment entered was to dispose of the case, including the motion for a new trial. It was a final judgment.

It is the rule that "An order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action. In such a case, the order is interlocutory. When no further action of the court is required to dispose of the cause pending, the order becomes final and from which an appeal or proceedings in error will lie." Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545.

The order of the court here dismissing the action was a final order and an appealable one. That appeal brings here for determination all matters which were considered by the trial court and which were in effect determined by the trial court. Any other decision would nullify in part the purpose and intent of the Legislature in enacting section 25-1315.03, R. R. S. 1943.

We are mindful of the rule stated in Underwriters Acceptance Corporation v. Dunkin, 152 Neb. 550, 41 N. W. 2d 855, that "A question not presented and ruled on by the trial court will not be considered on appeal. Neither does a motion, which was never presented and

ruled on below, present anything for review."

The reason for this rule as stated in Waxham v. Fink, 86 Neb. 180, 125 N. W. 145, 28 L. R. A. N. S. 367, is to give the trial court an opportunity to correct all errors complained of, and no alleged error can be considered as ground for reversal that is not so brought to the attention of the trial court.

Here that opportunity and call-to-attention were given but not acted on.

We must recognize the practical situation here, however, that the motion for a new trial was presented and considered by the trial court and in effect denied, and the like result that when the trial court sustained defendant's motion to dismiss, there was then no need or occasion to press for a further decision on the merits of the motion for a new trial. Defendant had accomplished its ultimate desire in the cause.

Under these circumstances there was a denial of the motion for a new trial by operation of law. The denial was implicit in the trial court's decision dismissing the action. Georgia Casualty Co. v. Boyd, 34 F. 2d 116; Larson v. Long, 73 Colo. 241, 214 P. 539; Motor Finance Co. v. Universal Motors (La. App.), 182 So. 143; Carmichael v. Estate of Glenn Bailey, 163 Kan. 741, 186 P. 2d 99; 4 C. J. S., Appeal and Error, § 363, p. 791.

This brings us to the contention that for us to pass upon the merits of the motion for a new trial here would be to exercise original jurisdiction in violation of the provisions of Article V, section 2, of the Constitution. As we view this record, we are called upon to exercise appellate and not original jurisdiction. In Wallace v. Clements, 125 Neb. 358, 250 N. W. 235, relied upon by defendant, an original application was made here for a moratorium on a case brought here on appeal. We held that it was not within the original jurisdiction of this court, and to grant it would require the reversal of a valid judgment on a question not presented to or considered by the trial court or raised here by the record,

and that such a course was at variance with proper appellate procedure. That situation does not exist here.

Accordingly we hold that the merits of the motion for a new trial are properly before us for determination, and that we erred in remanding the cause to the trial court to make that determination.

The defendant's first assignments of error as to the motion for a new trial argued here go to the charges that the verdict is contrary to the evidence and is not sustained or supported by sufficient evidence. We adhere to our conclusions in the previous opinion as to those matters.

The next assignment is that the court erred in giving instruction No. 6 to the jury. It is as follows: "Contributory negligence on the part of said Calvin L. Krepcik does not bar the plaintiff's recovery, if such contributory negligence was slight, and if also the negligence of the said Donald E. Quinn, driver of said bus, proximately causing the death of said Krepcik, if any such existed, was less than gross in comparison to the contributory negligence of said decedent. But if any contributory negligence existed on the part of said Krepcik, and the negligence on the part of said Quinn contributing to the proximate cause of the death of said Krepcik, if any such existed, was in any degree less than gross in comparison to such contributory negligence of said Krepcik, then such contributory negligence on the part of said Krepcik does bar the plaintiff's recovery. Likewise, if contributory negligence on the part of said decedent Krepcik existed and if the same was in any degree more than slight in comparison to the negligence of said Quinn that contributed to the proximate cause of said death, if any such existed, then also such contributory negligence on the part of said decedent Krepcik does bar the plaintiff's recovery. In case you find that any contributory negligence existed on the part of said decedent Krepcik, but that the same was not sufficient in extent to bar the plaintiff's recovery under the rules

above stated, then you will consider such contributory negligence on the part of said decedent Krepcik .in diminution of the amount of .plaintiff's recovery in proportion to the amount of contributory negligence attributable to said decedent Krepcik.

"You will note from the rules above given that the amount that you may deduct from the plaintiff's recovery, in case you should find for the plaintiff, must necessarily not be any large per cent of the total damages, for the reason that otherwise the . contributory negligence of said decedent Krepcik would be sufficient in extent to bar recovery entirely."

The complaint here goes to the first and last sentences of the instruction.

As to the first sentence, the charge is that by the use of the words "less than" in the instruction, a positive misstatement of the law was made, and that it was not corrected by the correct statement in the second sentence. That the first sentence is erroneous is conceded.

The statute is: "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury." § 25-1151, R. R. S. 1943.

In Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158, we said: "The true rule is that, if plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though defendant was negligent, unless the contributory negligence of plain-

tiff was slight and the negligence of defendant was gross in comparison therewith. If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, then the contributory negligence of plaintiff, however slight, will defeat a recovery."

This rule has been repeatedly followed down to and including Roby v. Auker, 151 Neb. 421, 37 N. W. 2d 799, where we said: "It will be noted that the foregoing rule is predicated on a comparison of the negligence of the parties in determining the liability of both the plaintiff and the defendant, that is, the question of slight or gross negligence as used in the statute are both dependent upon a comparison of the negligence of the parties, one with the other."

By instruction No. 4, the court called attention to the "rules relating to contributory negligence" to be later given. By instruction No. 10, the court told the jury that it could not properly decide the issue without a consideration of the meaning of the words "negligence," "gross negligence," and "slight negligence."

That the first sentence of the instruction was prejudicial to the defendant is patent. In Missouri P. Ry. Co. v. Fox, 56 Neb. 746, 77 N. W. 130, we said: "An inaccuracy or incomplete statement in a charge may be cured by further correct and supplementary statements; but an absolute misstatement of the law cannot be cured by a subsequent correct statement conflicting therewith. The doctrine is familiar."

In Koehn v. City of Hastings, 114 Neb. 106, 206 N. W. 19, we said: "Where conflicting instructions are given, it leaves the jury in doubt as to which should be followed" and held: "Where two conflicting instructions are given on a question, one containing an incorrect, and the other a correct, statement of the law, the latter

will not cure the former." This was followed in Toliver v. Rostin, 120 Neb. 363, 232 N. W. 616; Brooks v. Thayer County, 126 Neb. 610, 254 N. W. 413; and Robison v. Union Transfer Co., 141 Neb. 574, 4 N. W. 2d 558. Under this situation it is impossible to tell which rule the jury attempted to follow. The jury could not intelligently follow both; it might have followed neither. This error in the instruction requires reversal of the judgment and remanding of the cause for a new trial.

We think, also, that there was prejudicial error in the concluding sentence of the instruction. The statute defines the basis for the jury's consideration of the contributory negligence of the plaintiff. The instruction told the jury in effect that if it determined that the verdict should be for the plaintiff and the amount, the jury then should determine the amount that the damages should be diminished in mitigation, and it should make certain that the amount in diminution was not any large percentage of the total, lest it show that the contributory negligence of the plaintiff's decedent was sufficient to bar recovery entirely. The suggestion is that the jury was to check the amount of diminution against the total damage, and, if the one was too great, to reduce it lest it prove the jury's conclusion that plaintiff should recover to be erroneous. The jury was not instructed to reexamine its conclusion as to liability under the comparative negligence rule, but rather to make the figures prove the correctness of its conclusion. The instruction obviously is prejudicial and should not have been given.

In this action plaintiff pleaded specific acts of negligence of the defendant. The defendant by answer pleaded that the accident was due to the negligence of the deceased in some eight particulars. The trial court by its instructions submitted to the jury the "material elements" of plaintiff's cause of action as to negligence upon which there was conflict in the evidence. The trial court instructed the jury as to the burden of proof as to negligence and contributory negligence, and that if plaintiff

was prevented from recovery on account of contributory negligence on the part of decedent, then it should so find for defendant. At no point in the instructions did the trial court set out or fully advise the jury as to the specific acts of negligence alleged by the defendant as a defense.

Defendant contends that those allegations were sustained by evidence, and that it was error for the trial court to fail to submit issues as to contributory negligence. Defendant also contends that it was error to stress the plaintiff's charges of negligence and impress them on the jury and at the same time fail to similarly stress and impress defendant's charges of negligence. Plaintiff answers that she was held to her specific allegations of negligence; that the defendant was not so limited; that under the instructions the jury could have found for the defendant upon any theory of contributory negligence, whether pleaded or not; and that had the defendant wanted more specific instructions, it should have requested them.

We discuss these contentions only insofar as is necessary to guide the court on a retrial of this case. Whether or not the evidence, hereafter may require the submission of the specific allegations of negligence in whole or in part cannot now be determined.

The error of this method of instruction is well illustrated by the Supreme Court of Missouri in Schide v. Gottschick, 329 Mo. 64, 43 S. W. 2d 777, where, in reference to an instruction there considered, that court said: "It is too general to constitute a direct guide for the jury and amounts to what is commonly termed a roving commission. It fails to advise the jury, or point out in any way, what acts or omissions on the part of plaintiff, if any, found by them from the evidence, would constitute contributory negligence. It permitted them to base a finding for defendant 'on any theory of negligence which they could construct or evolve out of their own minds and was therefore erroneous.'"

The applicable rules are:

"It is the duty of the trial court, without request, to submit to and properly instruct the jury upon all the material issues presented by the pleadings and the evidence." Dunlap v. Welch, 152 Neb. 459, 41 N. W. 2d 384. This rule applies to the affirmative defense of contributory negligence. Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549.

It is the uniform and proper practice in this state that where specific acts of negligence are charged and supported by the evidence, the trial court instructs as to the specific acts so alleged and supported. It necessarily follows that where specific charges of contributory negligence are pleaded and supported by proof the instructions should submit those specific charges to the jury for its determination. Reece v. Jefferson Transp. Co. (Mo. App.), 160 S. W. 2d 789. To fail to do so, whether or not requested to do so, is error.

It is recognized that it may be argued that the rules here stated are in conflict in part with our conclusions stated in Thurow v. Schaeffer, 151 Neb. 651, 38 N. W. 2d 732. To the extent of the conflict, our application of the rules in that case is disapproved.

The trial court, as a part of its instruction on the credibility of witnesses, gave this instruction: "Yet, you have no right to reject the testimony of any of the witnesses without good reason, and you should not do so until you find it irreconcilable with other testimony which you may find to be true." Defendant assigns it as prejudicial error.

This instruction was before us in Moore v. Pacific Mutual Life Ins. Co., 128 Neb. 605, 259 N. W. 916, and there was held free from prejudicial error. It again was before us in Asbra v. State, 144 Neb. 146, 12 N. W. 2d 845, where we held that the instruction was not prejudicial to the defendant. It was here in Wilson v. State, 150 Neb. 436, 34 N. W. 2d 880, where we held that the giving of the instruction was prejudicial error, and in doing so

held: "The right of a defendant in a criminal case, or in truth the right of a litigant in any case triable to a jury, to have the jury weigh the evidence free from interference, we think, is a substantial right and a restriction upon or abridgment of that right by the trial court in instructions to a jury amounts to the deprivation of the benefits of this substantial right." This was followed in Frank v. State, 150 Neb. 745, 35 N. W. 2d 816, where it was stated in the syllabus that it was ordinarily prejudicial error to give such an instruction in a criminal case. It was followed in Swanson v. State, 150 Neb. 761, 35 N. W. 2d 826. In Knihal v. State, 150 Neb. 771, 36 N. W. 2d 109, we held the instruction to be prejudicial, and did so again in Jennings v. State, 150 Neb. 828, 36 N. W. 2d 268. In Schluter v. State, 151 Neb. 284, 37 N. W. 2d 396, we held that the giving of the instruction was prejudicial error. The dissenting judges held that the giving of the instruction was error, but not prejudicial. In Kitts v. State, 151 Neb. 679, 39 N. W. 2d 283, we held that the giving of the instruction was prejudicial error. See, also, Latham v. State, 152 Neb. 113, 40 N. W. 2d 522.

It will be noted that we have not held in any of these opinions that the instruction was free from error. In the two cited cases we have held that it was free from prejudicial error.

Because reversal here is necessary for other errors we need not determine whether or not the error is prejudicial here. The instruction is erroneous and should not be given again.

For the reasons given herein, our opinion in Krepcik v. Interstate Transit Lines, 152 Neb. 39, 40 N. W. 2d 252, is set aside insofar as it directs the trial court to consider and determine the motion for a new trial. Our judgment of reversal therein is adhered to. The judgment of the trial court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.

YEAGER, J., dissenting.

I respectfully dissent from the latest opinion adopted in this case in its entirety. I do not dissent from that portion which concludes that on its merits the motion for new trial should be sustained on the ground that this conclusion is incorrect but on the ground that the merits of the motion are not, under the law as it is rather than as the opinion declares it to be, at this time before this court.

I insist that the opinion in 152 Neb. 39, 40 N. W. 2d 252, is a proper and correct present disposition of the case. The insistence here is based on all of the reasons set forth in that opinion together with other pertinent statutes, legal principles, and section 25-1315.03, R. R. S. 1943, which the latest opinion erroneously says was not given consideration. It is true that section 25-1315.03 is not referred to in the opinion but it does not follow that it was not duly and carefully considered. It was not mentioned but it is obvious that it was carefully considered since the determination is in strict conformity with the mandate of that section.

This latest opinion in 36 paragraphs dealing with the statement of the case and that subject comes to the conclusion that after reversing the judgment notwithstanding the verdict we were in error in remanding the cause for a ruling on the motion for new trial. The basis of the conclusion is, as stated in the opinion, that we failed to give consideration to section 25-1315.03.

In this connection I submit that in all of this there is no analysis of the section on which to base such a conclusion. An examination of the statute furnishes the reason for this failure. A faithful analysis of the provision finds it devoid of any language or reasonable inference to support the conclusions of the majority.

One conclusion drawn in the opinion is directly contrary to the specific language of the statute. In the opinion it is said: "Clearly section 25-1315.03, R. R. S. 1943, vests the power here on appeal to review the action taken

by the trial court * * * and to enter here the judgment in favor ·of the party who was entitled to the judgment in the trial court."

The statute provides: "The Supreme Court on appeal * * * may order and direct judgment to be entered in favor of the party who was entitled to such judgment."

While this may not be of grave importance in the light of other considerations it thus early herein demonstrates that the majority opinion fails to comprehend the true nature and quality of the statutory provision.

Before passing on to any analysis of the statutory provisions in the light of their context it is deemed apropos and not impertinent to call attention to a strange and revolutionary and withal dangerous approach to and arriving at an ascertainment of legislative intent. In the opinion it is said: "However, the Judicial Council, apparently as the result of their study, caused a significant change to be made therein when the bill was proposed for introduction in our Legislature." And again: "While our statute was copied in part from the South Dakota act, it is obvious that the Judicial Council and the Legislature intentionally omitted the limiting language quoted, and instead used the much broader language, * * *."

Viewed from any point this is to say that in statutory interpretation for the purpose of arriving at intent resort at least in part is to be had to the intention of a proponent of legislation, though the proponent is not a part of the legislative machinery. I submit that the voice of the lobbyist has no proper place in the deliberations of this court when it engages in the solemn function of the ascertainment of legislative intent.

One of the conclusions of the majority opinion is that in instances such as is confronting here the Legislature intended to and did abrogate rules reannounced as late as Underwriters Acceptance Corporation v. Dunkin, 152 Neb. 550, 41 N. W. 2d 855, as follows: "A question not presented and ruled on by the trial court will not be considered on appeal. Neither does a motion, which was

never presented and ruled on below, present anything for review."

Also a conclusion is that the Legislature intended and did abrogate, again in such instances as this, that body of statutory law and the decisions of this court which make indispensable as a basis for review in this court the filing of a motion for new trial and a ruling thereon by the trial court in cases where the errors complained of depend upon errors of law occurring at the trial and rulings made during the trial. Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533.

Neither of these conclusions finds even the remotest basis in these statutory provisions. Clearly inferentially if not indeed specifically the provisions preserve and protect all of the preexisting rights of parties litigant under preexisting statutes and decisions with regard to motions for new trial and motions generally, the foremost of which was to file them and to have them ruled upon first by the trial court.

It is freely conceded that the Legislature could with perfect propriety dispense with the necessity for a motion for new trial and a ruling thereon as a condition precedent to consideration here on review. It however did not do so. This legislation is not and does not purport to be, if its text is to be given reasonable regard, any restriction, limitation, or extension of the manner, in which motions for new trial as such were to be regarded and treated under preexisting statutes and decisions.

Just what are the contents of these statutory provisions anyway? What functions do they perform? What evils were they designed to correct? The answers to these questions must flow fundamentally from what the Legislature said in coordination with related law on the subject, and not from extraneous discovery of the intent of the Judicial Council.

As is well known and as is pointed out in the majority opinion in Krepcik v. Interstate Transit Lines, 151 Neb. 663, 38 N. W. 2d 533, prior to this legislation a district

court was not authorized to render a judgment notwithstanding the verdict except where, upon the statements in the pleadings, one party was entitled by law to a judgment in his favor. If a district court submitted a case to a jury and a verdict was returned sustaining a cause of action, even though there was no evidence to sustain a cause of action and even though a motion for a directed verdict had been made at the close of the trial it could do no more than to sustain a motion for new trial. It could not go back and review the motion for directed verdict and render such judgment as would have been proper before the verdict was returned. Winterson v. Pantel Realty Co., 135 Neb. 472, 282 N. W. 393.

Also prior to this legislation the action of the district court in granting a motion for new trial was not reviewable on appeal unless and until there was a new trial and a verdict adverse to the party against whom the motion for new trial had been sustained. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 722.

The purpose of the legislation as is disclosed by its context was to permit the trial court after verdict or if none was returned to review its prior action and to render such judgment as would have been proper on the motion for directed verdict at the time made, and to permit this court to review the ruling or rulings of the district court in this connection, and further to permit this court to review without a retrial the action of the district court in sustaining a motion for new trial. The provision also makes an order overruling a motion for a new trial an appealable order but this is not new at least when it is coupled with a judgment in conformity therewith.

In other words all that the legislation does in these connections is to extend the powers of the district court and, within the measure outlined, to extend the power of review on appeal. It does not directly or by any quality of inference confer upon this court any power of original action not found in previous legislation.

I submit that analysis confirms without peradventure the contentions set forth herein. By section 25-1315.02, if a motion is made for a directed verdict at the close of the evidence in a case and denied, the following, and nothing else, is provided for and from it nothing else may flow: (1) It is to be deemed that the court submitted the action to the jury subject to a later determination of the legal questions involved in the motion; (2) within ten days after the verdict the moving party may move for judgment notwithstanding the verdict; (3) if there is no verdict such party may move for a judgment in accordance with the motion for directed verdict; (4) a motion for new trial may be filed with this motion; (5) a motion for new trial may be prayed for in the alternative; (6) if a verdict was returned the court is empowered (a) to allow the judgment to stand, (b) to reopen the judgment and order a new trial, or (c) to direct the entry of judgment as if the requested verdict had been directed; and (7) if no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial.

Section 25-1315.03 contains just two sentences. The first provides only and in simple language that the entry of judgment pursuant to section 25-1315.02 is an appealable order; that the granting of a new trial is an appealable order; and that the denial of a new trial is an appealable order.

The second sentence defines and prescribes the limitation upon the power and function of this court when subjects come here on *appeal*. The terms of this second sentence are likewise simple. Without any confusion or opportunity or occasion for misunderstanding or misinterpretation it says that *on review on appeal* of a judgment entered, or in an action where no verdict was returned, or from an order granting a new trial, or from an order denying a new trial, this court may direct judgment to be entered in favor of the party who was entitled to such judgment.

In re-emphasis of this point already made it is to be observed that at no point in any part of this legislation is the Supreme Court empowered either directly or by reasonable implication to exercise any original jurisdiction with regard to the subjects therein considered. It grants only power to consider specific matters under appellate jurisdiction and to make *direction* solely in the light of appellate consideration.

Applied to this case when it came here on appeal this court was empowered only to consider the attack upon the judgment notwithstanding the verdict since that was all that ever was or is before this court. Having found that the judgment was erroneous and could not be sustained this court had power only to reverse the judgment, remand the cause, and give directions to the district court to adjudicate (direct judgment to be entered) upon the record as it stood in the district court after the judgment was reversed, that is to proceed and determine judicially the matters which stood, in the light of the determination of this court, without decision. The thing which stood without adjudication was the motion for new trial.

That motion stood without decision and moreover under no cited or known rule of law or reason could it have been ruled upon with finality in the absence of an ultimate determination upon the motion for judgment notwithstanding the verdict favorably to the plaintiff. The most that could ever have been done was for the district court to have anticipated a possibility that the judgment would be reversed and in that light to have academically and tentatively ruled upon the merits of the motion for new trial. There is nothing in the statute which points to any such procedure.

Attention has been directed to what these statutory provisions do contain. Attention is now directed to fallacious assumptions of their content contained in the majority opinion and some of the reasons why those assumptions ought not to be indulged.

The majority opinion assumes that the effect of the sustaining of the motion for judgment notwithstanding the verdict and rendition of judgment accordingly was a judgment of dismissal. Not desiring to be technical I shall not voice any disagreement in that respect. However the related assumption that this became in effect a judicial determination upon the motion for new trial adversely to the appellee I cannot so mildly dismiss. The implications of such an assumption are much too startling.

In this case the defendant won completely its lawsuit and by the judgment on its motion for judgment notwithstanding the verdict. Upon it no burden remained. The judgment had finality subject only to reversal on review in this court on appeal by the plaintiff. Contrary however to this necessary implication the assumptions of the majority opinion impose the burden upon this defendant of becoming an appellant with the duty to seek a reversal of an adjudication which was never made, an adjudication which was expressly and properly reserved, and moreover one which could not have been made properly and with valid and binding force and effect except in the event of reversal of the judgment notwithstanding the verdict by this court.

An inevitable inference from the assumptions of the majority opinion and the manner in which the subject is treated is that if the trial court had ruled upon the merits of the motion for new trial the adjudication would have been adverse to the defendant. If this inference is not correct then why did this court require the defendant to appear before this court as appellant on the motion rather than to require the plaintiff to come as appellant to overcome the assignments contained in the motion?

I submit no such inference may properly flow from the record and the statutory provisions under consideration, and no other statutes and no decision of this court supply a basis for the indulgence of any such inference.

The motion for new trial contained 36 assignments of error and only one was the same as any assignment contained in the motion for directed verdict. The two motions as this discloses were basically different. Who in this light can validly infer what the adjudication would have been had one been made?

And yet by the majority opinion in this case the decision is not only inferred but also that it would have been necessarily wrong.

This is the confusion which the majority opinion says that the Legislature sought to impose upon litigants and the legal profession of the state of Nebraska. I am not convinced that any intention to so confuse flows from this legislative expression.

I submit that the original opinion in this case correctly determines the issues involved and that its disposition of the case should not be disturbed.

BOSLAUGH, J., concurs in this dissent.