LOU ANN ARMER, A MINOR, BY IRWIN ARMER, HER FATHER AND NEXT FRIEND, APPELLANT, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

44 N. W. 2d 640

Filed November 10, 1950.   No. 32798.

*Lyle Q. Hills,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for personal injuries sustained by plaintiff in a collision of a bus of the defendant and a bicycle which plaintiff was riding. The jury returned a verdict for the plaintiff. The trial court thereafter sustained defendant's motion for judgment notwithstanding the verdict and entered a judgment of dismissal for the defendant. Plaintiff appeals.

This is the second appeal to this court in this case. Armer v. Omaha & Council Bluffs St. Ry. Co., 151 Neb. 431, 37 N. W. 2d 607. In the former appeal it was held that the evidence was sufficient to take the case to the jury and that the trial court erred in directing a verdict for the defendant at the close of plaintiff's evidence. Plaintiff contends that this decision is the law of the case and requires the submission of plaintiff's case to the jury. The effect of the former decision will be discussed later in the opinion.

The accident occurred on Thirty-third Street in the middle of the block north of Lincoln Boulevard in Omaha. Plaintiff says she turned north from Lincoln Boulevard into Thirty-third Street and rode up the center of the street. She says that at a point about 50 feet south of the alley she angled to the west to enter the alley on the west side of the street. There is evidence that defendant's bus was coming north behind her at a rate of 38 to 40 miles an hour. The driver of the bus turned it to the left to avoid striking her, but hit the bicycle near the entrance to the alley on the west side of the street. A more detailed statement of plaintiff's evidence will be found in the former opinion by this court.

In addition to the evidence given at the previous trial, plaintiff produced one Lorenda Skeen, who testified that at the time of the accident she was sitting at the east front window of the second house north of the alley on the west side of the street. She says she saw plaintiff riding up the street on her bicycle, that she saw the bus angle to the left across the street, and that

the bus struck the bicycle near the entrance to the west alley. She testifies that she first saw the bus 65 or 70 feet back of the plaintiff and that it was traveling 40 or 45 miles an hour. The defendant contends that the evidence of this witness is not worthy of belief because of certain conflicts with the evidence of the plaintiff and the nature of the view of the accident as it was described by the witness. These are matters, however, for the jury to determine. It is for the jury and not the court to weigh the evidence and determine the credibility of the witnesses.

It is contended by the defendant that plaintiff made changes in her testimony from that given at the previous trial to meet the exigencies of the case as pointed out in the first appeal. It is asserted that plaintiff testified in the first trial that she proceeded north on Thirty-third Street to the first alley on the west side and "* * * turned and went into the alley. I wanted to go up the sidewalk." The record shows that she testified in the present case as follows: "Why, I was going in about the center of the street, and then I sort of angled across, and I was going to turn into the alley." She testifies that she started to angle over about 50 feet south of the point of the accident. The defendant cites Peterson v. Omaha & Council Bluffs St. Ry. Co., 134 Neb. 322, 278 N. W. 561, and Gohlinghorst v. Ruess, 146 Neb. 470, 20 N. W. 2d 381, in support of his contention. We do not think the foregoing cases are applicable.

The plaintiff was a young girl of 11 years at the time of the accident. It cannot be said that the change in the description of the accident as herein stated was a change to meet the exigencies of the previous appeal. It was held in the previous appeal that plaintiff had made a case for the jury. There were no exigencies that she had to meet, the court having held that all necessary requirements for submission to a jury had been met. It is true that her former testimony left a distinct impression that she came straight north in or-

near the center of the street until opposite the west alley, at which point she turned west to enter it. The testimony given in the case now before us indicates that she came north to a point 50 feet south of the west alley and then angled across to it. The latter description tends to show that the driver of the bus was more negligent than in the former in that he had more notice of her intent to turn or angle across the street to the left. The jury was informed of this alleged change in plaintiff's testimony. It was for the jury, however, to weigh the impeaching effect of the evidence and to determine the weight to be given to it.

In Peterson v. Omaha & Council Bluffs St. Ry. Co., *supra,* it was held that a complete change in the evidence as to where the automobile was traveling, in order to get the case within the last clear chance doctrine, does not find favor and is discredited testimony as a matter of law. But in the present case the plaintiff was not confronted with any such dilemma. All that plaintiff had to do was to testify as before in order to make a case. The motive for the change was not the exigencies resulting from the former appeal as in the Peterson case. What the motive was that induced the change in the present case and the effect thereof upon the weight and credibility of her evidence was for the jury to determine under proper instructions. While a party will ordinarily not be permitted to insist at different times on the truth of two conflicting allegations according to the necessities of his own interest, the rule that a prior conflicting statement discredits subsequent testimony as a matter of law has no application where such motive does not exist. An unexplained change in the evidence of a litigant not required by the exigencies pointed out in a previous trial is a matter of impeachment, credibility, and weight for the jury to determine. See, also, Ellis v. Omaha Cold Storage Co., 122 Neb. 567, 240 N. W. 760; Gohlinghorst v. Ruess, *supra.* In any event, the present version of the facts was corrob-

orated and the evidence of plaintiff did not stand alone as the basis for the jury's finding. We think there is nothing in the record to warrant a direction that plaintiff did not make a case for the jury as we held in the former appeal. The ruling in the former appeal is therefore the law of the case, unless defendant's evidence is so conclusive of want of credence on the part of plaintiff's witnesses as to require a contrary verdict as a matter of law.

The rule in the latter instance is: "It is the duty of a trial court to direct a verdict at the close of the evidence where the evidence is undisputed, or where evidence, though conflicting, is so conclusive that it is insufficient to sustain a verdict and judgment." Fairmont Creamery Co. v. Thompson, 139 Neb. 677, 298 N. W. 551. This rule simply means that a mere scintilla of evidence is not enough to sustain a verdict. If there is evidence which, if believed, will sustain a verdict, it becomes a jury question.

In the present case the issue of fact, for all practical purposes, is whether plaintiff rode her bicycle up Thirty-third Street as she and her witness assert, or whether she rode up the sidewalk on the east side of Thirty-third Street and turned into Thirty-third Street at the alley entrance into the path of the oncoming bus. Defendant's witnesses, two passengers and the driver of the bus, testify unequivocally that plaintiff turned off the sidewalk at the alley entrance into the path of the bus without warning. Plaintiff's evidence is at least as strong as in the previous trial when this court held it sufficient to go to the jury. The evidence of defendant is clearly sufficient to sustain a verdict in its behalf. It is for the jury, however, to determine whether plaintiff's or defendant's witnesses are correctly reciting the facts. The jury found for the plaintiff on the conflicting evidence. The evidence being sufficient to sustain the verdict, and no error having been pointed out warranting the trial court in interfering therewith, plaintiff is en-

titled to the benefit of her verdict. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772. The trial court erred in sustaining the motion for a judgment notwithstanding the verdict.

The record shows that after the verdict of the jury was returned, finding for the plaintiff, the defendant filed a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. In sustaining the motion for judgment notwithstanding the verdict, the court in effect overruled the motion for a new trial. Krepcik v. Interstate Transit Lines, ante p. 98, 43 N. W. 2d 609. On an appeal taken by a party against whom a judgment notwithstanding the verdict has been entered, such appellant must assign the errors upon which he relies for a reversal. If the appellee is willing to submit the appeal on the assignments of error set out by the appellant, an answer brief is all that is required. On the other hand, if appellee desires to insist upon his right to a new trial, in case the entry of the judgment notwithstanding the verdict is held to be erroneous, he must assign such errors contained in his motion for a new trial upon which he intends to rely to obtain it. This is so for the reason that an appeal from a judgment notwithstanding the verdict is a final order which brings up everything the trial court had before it that is properly preserved and presented. Consequently, where an appeal is taken from the entry of a judgment notwithstanding the verdict, a failure to assign as error, in the alternative, the overruling of the motion for a new trial precludes this court from considering the correctness of the trial court's ruling on the motion for a new trial. In other words, the parties must preserve all errors upon which they rely, in the alternative or otherwise, by adequate assignments in their respective briefs. This is in furtherance of the beneficent purpose of sections 25-1315.02 and 25-1315.03, R. R. S. 1943, which had for their objectives the expedition of litigation by the elimination of unnecessary retrials and appeals.

In the present case the appellee relied solely upon the correctness of the trial court's action in sustaining the motion for judgment notwithstanding the verdict. He did not assign as error in the alternative the over-ruling of his motion for a new trial and he must therefore be deemed to have waived it.

For reasons stated, the judgment of the district court is reversed with instructions to reinstate the verdict of the jury and to enter judgment thereon.

REVERSED AND REMANDED WITH DIRECTIONS.

YEAGER, J., dissenting.

I have no fault to find with that part of the majority opinion which holds that the trial court erred in sustaining the motion for judgment notwithstanding the verdict. I agree that there was sufficient evidence to sustain the verdict which was returned in favor of the plaintiff, and that it was error after the verdict was returned for the court to substitute its judgment for that of the jury as was obviously done in this case.

I cannot however agree with that portion of the opinion the effect of which is to say that, where a motion for judgment notwithstanding the verdict and a motion for new trial are filed comformable to section 25-1315.02, R. R. S. 1943, and the motion for judgment notwithstanding the verdict is sustained without a ruling on the motion for new trial, and this court reverses the judgment notwithstanding the verdict, unless the appellee asserts in his brief the errors assigned in this motion for new trial he waives the right thereafter to have the district court or this court rule upon them.

In the latest majority opinion in Krepcik v. Interstate Transit Lines, *ante* p. 98, 43 N. W. 2d 609, with which I did not and do not now agree this court did not go that far.

It cannot well be said that the majority did not go that far because the attention of the court was not challenged to the theory and the matter was not presented for consideration. To the contrary, as is clearly demon-

strated by the numerous briefs filed in that case, the theory was vigorously and exhaustively presented, at the end of which it was not sustained, but hearing was allowed in this court. Moreover, on hearing in this court the assignments of error contained in the motion for new trial were considered and a new trial was granted on the basis of such assignments.

Since the hearing and decision in Krepcik v. Interstate Transit Lines, *supra*, there has been neither legislative change nor promulgation of rule authorizing this radical departure from what was done in that case.

The procedural history in that case is identical with the procedural history in this case, and if the defendant there was entitled to a hearing on its motion for new trial after disposition of the motion for judgment notwithstanding the verdict in this court a reasonable regard for consistency requires that the same treatment be given to the defendant in this case.

BOSLAUGH, J., concurs in this dissent.

WENKE, J., concurring.

The last paragraph of the dissent requires clarification. In Krepcik v. Interstate Transit Lines, *ante* p. 98, 43 N. W. 2d 609, it was for the first time decided by this court that the granting of a motion for judgment notwithstanding the verdict under the circumstances there shown had the effect of overruling the motion for a new trial. Consequently, any claimed error in the action of the trial court in granting a judgment notwithstanding the verdict or in overruling the motion for a new trial must be assigned as error on appeal to receive the consideration of this court as required by the rules of practice in the Supreme Court. Rules 8 a2 (4), 8 b2.

In the Krepcik case, it being a case of first impression, this court, on request, permitted the filing of a supplemental brief setting forth supplemental assignments of error with respect to the overruling of the motion for a new trial for the reason that the appellee had no

cause to believe previously that it was necessary to do so at that stage of the proceedings.

In the present case the appellee filed its brief on June 29, 1950. On July 19, 1950, the opinion of this court in the Krepcik case was handed down. The point here involved was mentioned in appellee's brief and the appellee referred the court to the Krepcik case, then pending, for the answer. From July 19, 1950, until September 27, 1950, the date the present case was argued before this court, the appellee did not request leave to file supplemental briefs nor present in any manner any claimed errors resulting from the overruling of the motion for a new trial, although it knew or ought to have known the necessity for so doing if error was to be predicated thereon. To this day the appellee has never claimed any error in the overruling of the motion for a new trial. The dissent asserts for the appellee a right not only to which it is not entitled, but one which appellee itself has never presented in the appeal. The case before us is clearly distinguishable from the Krepcik case.