EBEN IVES, PLAINTIFF·IN ERROR, V. ABEL T. NORRIS, DEFENDANT IN ERROR.

1.  Constitutional Law :   TITLE TO ACT.   The title to the act approved February 26th, 1879, in these words, "An act regulating the herding and driving of stock," is not comprehensive enough to authorize the provision in section four of said act giving damages for the castration of animals in certain cases.

2.  Instructions to Jury.  A county judge or justice of the peace has no authority to charge a jury upon the law of a case. ·

ERROR to the district court for Dodge county, where the cause had been brought from the county court, and its judgment affirmed by POST, J.  .

 N. H. Bell, for plaintiff in error, against title to the act, cited Cooley Const. Lim., 148.  State, ex rel. Jones, v. Lancaster County, 6 Neb., 474.   3 West Va., 588.   20 Ind., 490.

E. F. Gray, for defendant in error, in favor of constitutionality of the law, cited Cooley Const. Lim. (2d Ed.), 143, 144.   Bonorden v. Kriz, ante p. 121.

BY THE COURT.

1.   This action was commenced in the county court of Dodge county by the defendant in error against the plaintiff to recover the value of a grade Durham bull belonging to the defendant, which bull it is alleged was castrated by

the plaintiff. The case was tried to a jury in the county court, and verdict and judgment were given for the defend-. ant in error. The case was taken on error to the district court, where the judgment of the county court was affirmed..

The action is brought under the provisions of an act entitled "An act regulating the herding and driving of stock," approved February 26th, 1879. Comp. Stat., ch. 4.

Sec. 1 of the act provides what persons shall be deemed stock growers.

Sec. 2 provides a penalty for driving away the stock of another.

Sec. 3 provides that the brand shall be *prima facie* evidence of ownership.

Sec. 4 provides "that no stallion over the age of eighteen months, nor any Mexican, Texan, or Cherokee bull over the age of ten months, nor any Mexican ram over the age of eight months, shall be permitted to run at large in the state of Nebraska. The owner or person in charge of such animals as are prohibited from running at large by this section, who shall permit such animal or animals to run at large, may be fined.for each offense not less than fifty dollars nor more than two hundred dollars, and it shall be lawful for any person to castrate or cause to be castrated any such animal running at large. *Provided*, That if any person shall castrate any stallion, bull, or ram, and it shall, on proper evidence before any competent court, be proven to the satisfaction of said court that such animal was not of the class of stock prohibited from running at large by this act, said person shall be liable for damages to the amount of the value of said animal so castrated, and the costs of suit. *Provided also*, That for the purpose of this act any bull possessing one-half Texan, Mexican, or Cherokee blood shall not be deemed a Texan, Mexican, or Cherokee bull, as the case may be; and any ram possessing one-half Mexican blood shall not be deemed a Mexican ram."

It is claimed on behalf of the defendant that the statute provides as a penalty for the castration of a bull not within the prohibited classes, that the person causing the act to be performed shall pay the value of the animal.

Does the title of the act in question authorize the imposition of such penalty? We think not.

The title of an act must express the subject of the bill.

In *White v. City of Lincoln*, 5 Neb., 516, it is said: The object of this constitutional provision is to prevent surreptitious legislation by incorporating into bills obnoxious provisions which have no connection with the general object of the bill, and of which the title gives no indication; it will be sufficient, however, if the bill have but one general object which is fairly expressed in the title. See also *Tecumseh v. Phillips*, Id., 311. *Lincoln, etc., Association v. Graham*, 7 Id., 179. *Dawson County v. McNamar*, 10 Id., 279. *Miller v. Hurford*, 11 Id., 381.

The constitution makes the title the index of the legislative intention as to the subject matter of the bill, and this cannot be enlarged by the courts. Judge Cooley has cited a few of the cases upon that point. Const. Lim. (4 Ed.), 181–2.

In *Stuart v. Kinsella*, 14 Minn., 524, the title of the act being: "An act to incorporate the village of High Forest, in the county of Olmsted, Minnesota," it was held that a provision for the division of the village and the organization of a new village, was not within the title and was void. See also *Weaver v. Lapsley*, 43 Ala., 229. *Tuskaloosa Bridge Co. v. Olmstead*, 41 Id., 9. In the case at bar, the provision for a penalty is clearly not included in the title of the act, and is therefore null and void. But even if the act was not void, it is doubtful if a party could recover more than his actual damage not to exceed the value of the animal. The language being, "said person shall be liable for damages to the amount of the value of said animal." That is, not to exceed in amount such value.

2. Has a county judge or justice of the peace authority to instruct a jury? Sec. 980 of the code provides that "after the jury shall have been sworn, they shall sit together and hear the proofs and allegations of parties; and after hearing the same, shall be kept together in some convenient place, under charge of a constable or sheriff until they have agreed upon their verdict, or shall be discharged by the justice." There is no provision in our statutes that we are aware of authorizing a county judge or justice of the peace to instruct a jury; and the section above quoted evidently contemplates that no such instructions shall be given. Besides, if either of the officers named possessed authority to give instructions, he would also have power to set a verdict aside in case the jury disregarded his instructions. But no such authority is given. A verdict can only be set aside by a justice or county judge in case of fraud, partiality, or undue means. This question was before the supreme court of Iowa, in the case of *St. Joseph Manfg. Co. v. Harington*, 5 N. W. R., 654, and it was held that justices of the peace had no power in such cases. That case meets with our entire approval. The judgment of the district court is reversed, and the cause remanded to the district court for a new trial.

REVERSED AND REMANDED.