ANNIE M. WILSON, PLAINTIFF IN ERROR, V. ORIN E. YOUNG, DEFENDANT IN ERROR.

1. **Practice:** PREJUDICIAL ERROR MUST APPEAR. The decision of an inferior court in admitting evidence on the trial of a cause will not be reversed unless the evidence is before the supreme court, and prejudicial error is shown.

2. ———: INSTRUCTIONS TO JURY. In an action of forcible entry and detention or forcible detention of real property, tried in a justice court, the justice has no authority to charge the jury upon the law of the case.

ERROR to the district court for Gage county. Tried below before DAVIDSON, J.

*Foxworthy & Son,* for plaintiff in error.

*Burr & Parsons,* for defendant in error.

REESE, J.

On the 11th day of March, 1882, the plaintiff in error instituted proceedings against the defendant in error before A. B. McNickle, a justice of the peace in Gage county, charging him with the forcible detention of the real estate described in her complaint, by holding over after the termination of his lease. The defendant in error answered, denying the unlawful detention of the property, and alleging his right to the possession of the premises under a subsequent lease, made by the plaintiff to him for another year. The case was tried to a jury, who returned a verdict in favor of the defendant. The plaintiff then removed the case to the district court of Gage county by proceedings in error, where the judgment was affirmed, and by similar proceedings she brings it into this court. None of the evidence has been preserved, and we can only look to the record for light in deciding the questions presented.

The record of the justice shows that during the trial

"The usual order of trial was pursued until plaintiff had closed her rebuttal testimony and rested her case, when defendant asked leave of the court to offer some surrebuttal testimony, to which plaintiff objected; objections were not sustained, to which ruling plaintiff then duly excepted."

It is sometimes necessary for courts, in furtherance of justice, to allow testimony to be introduced after a party has closed his case; and in the case of *Tomer v. Densmore,* 8 Neb., 384, this court held that in the exercise of proper discretion such might be permitted after the case had been submitted to the jury. As the evidence introduced as "surrebuttal" is not before us, it is impossible for us to say whether injustice has been done or not, and certainly we cannot presume it has. It is true, the evidence is given a *name* which does not recommend it, but it is not certain, by any means, that the true character of the testimony is indicated by its name, and it must be presumed that the testimony was properly admitted. It is further alleged that the justice of the peace erred in refusing to give the instruction asked for by the plaintiff. In this there was no error. A justice of the peace has no authority to charge a jury upon the law of a case. *Ives v. Norris,* 13 Neb., 252. The plaintiff in error insists that the decision in the case of *Ives v. Norris* is not applicable to this case for the reason that the system of practice in cases of this kind is different from the practice in ordinary cases, and section 1028 of the civil code is relied upon as indicating the change contended for. While the section referred to changes the oath to be administered to the jury and the form of the verdict, yet we cannot hold that the change is so radical as is contended for by plaintiff.

There being no error shown by the record before us, the decision of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.