Burke v. Magee.

PETER BURKE V. LEWIS D. MAGEE ET AL.

[FILED JUNE 27, 1889.]

1. **Trial Before Justice of Peace.** A justice of the peace has no authority to charge a jury as to the law of a case tried before him.

2. ———: VERDICT. An instruction that "If the jury wished to compromise the amount of damage, they could each one write his amount of damage separately on paper and then add them together and divide them by five, the number of jurymen, and let that be their verdict," is erroneous, as it substitutes chance or hazard for the deliberate judgment of the jury as a whole.

ERROR to the district court for Frontier county. Tried below before COCHRAN, J.

*W. S. Morlan, W. H. Latham,* and *B. H. Vaughn,* for plaintiff in error.

*W. H. Snelling,* for defendants in error.

MAXWELL, J.

The defendants in error brought an action for trespass against the plaintiff in error before a justice of the peace. The case was tried before a jury of five. The jury, after the case had been submitted to them, seemed to be unable to agree, whereupon the justice, at the request of the attorney for defendants in error, instructed them as follows:

"If the jury wished to compromise the amount of damage, they could each one write his amount of damage separately on paper and then add them together and divide them by five, the number of jurymen, and let that be their verdict."

This instruction was duly excepted to by the plaintiff in error. The jury returned a verdict in favor of the defendants in error, on which judgment was rendered. The case

was taken on error to the district court, where the judgment of the justice was affirmed.

In at least two cases this court has held that under our statute a justice of the peace has no authority to give instructions to a jury. (*Ives v. Norris*, 13 Neb., 252; *Wilson v. Young*, 15 Id., 628.) But even if the justice had the power to charge the jury, the instruction is clearly erroneous. A verdict is, or should be, the result of an agreement — of deliberate judgment — not of chance or hazard, therefore, where the jury agree in advance to be bound by an uncertain amount as directed in the instruction in question, the verdict is not the deliberate judgment of the jury. The sum thus agreed upon may be an approximation to what is just and right in the case, and each juror, seeing this, after the amount has been ascertained, may adopt it as his verdict; but if he do so it is because in his opinion, under the solemnity of an oath, the verdict will be right. No juror, however, can conscientiously bind himself in advance to agree to a verdict which had not then been formulated, and the amount of which must be a matter of conjecture. In many cases persons are called as jurors who have a particular friendship or dislike for one of the parties, and this feeling, being stronger than their sense of justice, controls, or at least has great influence on their minds in shaping the verdict. Hence such jurors in many cases will fix upon the amount of the verdict at too high or low an amount as may for the time being suit their fancy. And even where all the jurors make an earnest effort to be governed by the evidence, there is danger of mistakes by giving undue weight to immaterial points or overlooking material facts. A verdict, therefore, should be the deliberate judgment of each member of the jury, to be arrived at after a careful consideration of all the testimony in the case. A verdict in each case on the trial is desirable, because, if just, it will probably put an end to that litigation. If, however, it was not arrived at by a

careful consideration of the evidence, it cannot be said to be the judgment of each member of the jury, and does not in fact, as its name imports, speak the truth. The direction as to the mode of arriving at a verdict is clearly erroneous. (*Dana v. Tucker*, 4 Johns. (N. Y.), 497; *Guard v. Risk*, 11 Ind., 156; *Johnson v. Perry*, 2 Humph. (Tenn.), 569; *Barton v. Holmes*, 16 Iowa, 252; Maxw. Pl. and Pr., 4th Ed., 489.)

The judgment of the district court is reversed, and also that of the justice, and the cause is remanded to the district court for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.