DAVID ALBRIGHT ET AL. V. HERMAN A. PETERS.

FILED MAY 3, 1899.    No. 8875.

1. Review: CONFLICTING EVIDENCE. A finding will not be disturbed when based upon conflicting evidence.

2. ———: DIRECTING VERDICT. To review the action of the trial court

in refusing to direct a verdict for a party the attention of the trial court must have been challenged thereto in the motion for a new trial.

3. ———: ASSIGNMENTS OF ERROR. An assignment in a motion for a new trial, of "errors of law occurring at the trial, and duly excepted to," is sufficient to entitle a party to review the rulings of the trial court on the admission of evidence.

4. Admission of Evidence: HARMLESS ERROR. The admission of immaterial evidence is not ground for reversal where it does not prejudice the party complaining.

5. Excessive Damages. Damages awarded by the jury *held* to be excessive.

ERROR from the district court of Sheridan county. Tried below before BARTOW, J. *Affirmed upon filing of remittitur.*

*Thomas L. Redlon,* for plaintiffs in error.

*R. C. Noleman, contra.*

NORVAL, J.

Herman A. Peters brought replevin before a justice of the peace to recover eight head of cattle detained by the defendant David Albright. The McCormick Harvesting Machine Company intervened, and it was made a party defendant, claiming the property under a chattel mortgage executed by one George Dublin, plaintiff's grantor. Peters had a judgment before the justice, and the defendants prosecuted an appeal to the district court, where a verdict was returned for plaintiff, the jury assessing his damages for the wrongful detention of the property at $10. The defendants filed separate motions for a new trial, which were overruled, and they have prosecuted a joint petition in error from the judgment entered on the verdict.

The first ground urged for a reversal is that the verdict is contrary to the evidence. The record discloses that one George Dublin formerly owned the stock in controversy, and while such owner he traded the same during

February or March, 1893, to the plaintiff for a mare. The cattle were left in the possession of Dublin, who, under instructions from Peters, placed the same in the herd of the defendant Albright, where they remained until the present suit was instituted. Subsequently, on May 20, 1893, Dublin mortgaged the property to the McCormick Harvesting Machine Company. Before action, the evidence tends to show, plaintiff tendered and offered to Albright the amount due him for herding, and yet he refused to surrender the cattle, on the sole ground that he had been notified not to do so by the representative or agent of the said mortgagee. The evidence is clear that plaintiff was the owner of the property and was entitled to the possession thereof at the inception of the action. It is insisted that the verdict is supported by the evidence only as to eight head of the cattle. We do not think this position is sound. The evidence was ample to authorize the jury in finding that plaintiff was the owner of all the stock seized under the writ of replevin. The rule is that a verdict founded upon conflicting evidence will not be molested on review, if sustained by sufficient evidence.

At the close of plaintiff's testimony the defendants asked the court below to instruct the jury to return a verdict in their favor, which request was denied, and the ruling is assigned as error. The decision cannot be considered at this time for the reason the attention of the trial court was not called thereto in the motion for a new trial.

The plaintiff introduced in evidence, over the objection of the defendants, a written order upon Albright, signed by George Dublin, to deliver the cattle in controversy to Mr. Peters, and complaint is made of the ruling in this court. Counsel for plaintiff argues that the question is not properly before us, because not covered by the motion for a new trial. The third ground of such motion was "errors of law occurring at the trial, and duly excepted to." This was sufficient to entitle the defendant to have reviewed the various rulings of the trial court on the admission or rejection of evidence. (*Labaree v. Klosterman,*

33 Neb. 150; *Riverside Coal Co. v. Holmes*, 36 Neb. 858.) The defendants could not have been prejudiced by the admission in evidence of the order in question. Prejudicial error alone will work the reversal of a judgment. (*High v. Merchants Bank*, 6 Neb. 155; *Folden v. State*, 13 Neb. 328; *Wilson v. Young*, 15 Neb. 627.)

There was no reversible error in the refusal of the court to eliminate from the record the testimony of the witnesses Kemp and Healy called by the plaintiff to impeach the defendants' witness, George Dublin. It was shown by the examination of Kemp and Healy that each was, and had been for several years, acquainted with the general reputation of Dublin for truth and veracity where he resided and were competent to testify upon the subject upon which each was interrogated.

A perusal of the evidence discloses that the damages established upon the trial did not exceed $6, while the amount awarded by the jury was $10. The damages allowed are, therefore, excessive, and the judgment will be accordingly reversed, unless the plaintiff in thirty days file with the clerk of this court a remittitur from the judgment of the sum of $4. In case such remittitur is so filed the judgment will be affirmed for the sum of $6.

JUDGMENT ACCORDINGLY.