Chief Judge Fuld.
Section 187 of the Tax Law imposes a tax on “ all gross direct premiums ” received by domestic life insurance corporations “ for the privilege of exercising corporate franchises or for carrying on business * * * within this state ” (subd. 2). The question posed by this appeal, here by our leave, is whether the costs of life and health insurance benefits for the employees of such a life insurance corporation, on a nonprofit and noncommercial basis, are taxable as premiums received within the sense of that statute.
Contending that they are not, the petitioner-appellant, Mutual Life Insurance Company of New York, brings this article 78 proceeding—in which the parties have stipulated as to the facts—■ seeking (1) to annul a determination by the State Tax Commission that it is subject to a tax of $152,531.12 and (2) to direct the Commission to refund that amount to it.
For many years, the petitioner has provided for its employees and field agents benefits payable upon death, illness and disability. Unlike its practice in the case of insurance sold by it commercially, the petitioner allocates the ei mse of providing such benefits on a nonprofit basis, that is, by not making any provision for general surplus with respect to those benefits. The expense is borne principally by the petitioner, as an employer, as part of its cost of doing business; more particularly, $110,657.54 of[1] the $152,531.12 here in issue is attributable to such expense. The balance — of about $42,000—is contributed by its employees through periodic deductions from wages and *351 commissions, and, just as in the casé of the petitioner’s own payments, these employee contributions are calculated on a nonprofit basis.
Prior to the year 1963, neither the Superintendent of Insurance nor the Tax Commission regarded or treated the cost of providing these employee benefits as “taxable premiums” within the meaning of section 187 of the Tax Law; in point of fact, both had actually stated that such costs were not taxable. In February of 1960, however, the Attorney-G-eneral issued an opinion in which he declared, in effect, that the expense borne by the insurance company in providing insurance benefits for its employees should be considered taxable premiums under the statute (1960 Opns. Atty. den. 68). Undoubtedly as a result of that opinion, the Tax Commission in 1963 reversed its longstanding position, decided that the cost of the coverage should be considered taxable premiums and levied additional assessments upon the petitioner.[1]
The Appellate Division confirmed the determination of the Tax Commission (38 A D 2d 95); it was the court’s reasoning that, since the petitioner had stipulated that its plans constituted “ insurance contracts,” the costs should be deemed “ premiums ” within the sense of the Tax Law (38 A D 2d, at p. 97). We reach a different conclusion.
The language of the statute — section 187 (subd. 2) of the Tax Law[2]—is explicit, the meaning clear. As we observed in *352 Matter of Guardian Life Ins. Co. v. Chapman (302 N. Y. 226, 239), the tax provided for and imposed “is not a tax upon income as such, but rather a fee paid by a domestic insurance company for the privilege of exercising a corporate franchise measured by its premiums reasonably attributable to business of this State.” (Emphasis supplied.) Thus, the tax is a corporate franchise fee imposed upon insurance companies for the privilege of doing business. Quite obviously, the petitioner’s program, pursuant to which it grants insurance benefits to its employees, is not the doing of an insurance business under its franchise and, therefore, is not subject to the tax imposed by section 187.[3] In other words, the coverage of the petitioner’s own employees is not the result of solicitation df business or of the petitioner’s holding itself out or doing business as a commercial insurer. The expense of the program is calculated without provision for profit. These factors but demonstrate and confirm that thé employee-benefit program is not part of its ordinary course of business as a franchise insurer.
The relationship involved, then, is not commercial, nor one of seller and purchaser, with profit or contribution to surplus accruing to the former; rather, it is an incident of its employer-employee relationship, no different from that of any other employer not subject to the premium tax. Concededly, noninsurance company employers who provide insurance benefits for their employees similar to those provided by the petitioner are not subject to the taxing provision of section 187. Such employer-sponsored programs do not constitute the doing of an insurance business within the meaning of the statute, and we agree with the petitioner that what constitutes a nontaxable employer-employee relationship for noninsurers — rather than the doing of an insurance business — is not transformed into a taxable insurance business merely because the employer is licensed to conduct such a business.
*353 It is noteworthy that the only courts which have passed upon the question here presented have decided it just as we have: the maintenance by an insurer of a benefit program for its employees, on a nonprofit basis, solely as an incident of its role as employer does not constitute the doing of an insurance business so as to subject it to a tax. (See California-Western States Life Ins. Co. v. State Bd. of Equalization, 151 Cal. App. 2d 559, 561; Danna v. Commissioner of Ins., 228 So. 2d 708 [La.]; State Tax Comm. v. John Hancock Mut. Life Ins. Co., 341 Mass. 555, 563; Williams v. Massachusetts Mut. Life Ins. Co., 221 Tenn. 508, 515.)
The result is not changed by the fact that, if the petitioner contracted with another insurer to buy the insurance for its employees, the tax imposed by subdivision 2 of section 187 would be payable by that insurer. In such a case, the other insurance company would actually be transacting the business of life insurance, and the tax would be imposed by reason of its exercise of its franchise. We cannot subscribe to the statement (38 A D 2d, at p. 98) that the “ cost [of the petitioner’s program] is equivalent to a premium that would be paid for the same benefits if provided through an insurance contract with another insurance company.”[4] The premium on any commercially sold insurance would necessarily include an amount attributable to profit or to a contribution to surplus, the element lacking in the petitioner’s employee benefit program. Moreover, the fact that the costs of a benefit program purchased by a noninsurer employer from an insurance company constitute taxable premiums does not render taxable the expense of the same program maintained by the employer itself.
Highly significant is the fact — to which we have already alluded—that, from the time when the initial forerunner of subdivision 2 of section 187 was enacted in 1880 (L. 1880, ch. 542), through its last re-enactment (L. 1937, ch. 530), as amended in 1952 (L. 1952, ch. 312), and until 1963, the administrative agencies charged with the regulation and taxation of insurers *354 — the Insurance Department and the Department of Taxation and Finance■—held to the view that the cost of the insurers’ employee benefit programs was not a taxable premium. Such long-standing interpretation by the very bodies charged with the regulation of insurance companies is, although not conclusive, entitled to great weight. (See, e.g., Matter of Inter-County Tit. Guar. & Mtge. Co. v. State Tax Comm., 28 N Y 2d 179, 182; Connecticut Gen. Life Ins. Co. v. Superintendent of Ins., 10 N Y 2d 42, 51.)
Once we reach the conclusion that maintenance by the employer of an employee benefit program does not constitute the carrying on of an insurance business, within the sense of section 187, it follows that the contributions made by the employees and field agents to the benefit program are no more taxable, under that section, than are the amounts contributed by the petitioner itself.
The order appealed from should be reversed and judgment entered annulling the determination of the State Tax Commission and directing said Commission to refund to the petitioner Mutual Life Insurance Company of New York the sum of $152,531.12, together with interest and costs.

. In 1964, the petitioner (as a plaintiff) commenced an action to obtain a judgment declaring, among other things, that the franchise tax imposed by subdivision 2 of section 187 was not applicable to the cost of insurance under the benefit plan operated by it for its employees. The complaint was dismissed upon the ground that the remedy sought was inappropriate (Mutual Life Ins. Co. of N. Y. v. State Tax Comm., 24 A D 2d 853, affd. 17 N Y 2d 736). The present action, brought, as indicated, pursuant to article 78 of the CPLR, was instituted in October of 1970.

. The relevant portion of subdivision 2 provides that “ every domestic life insurance corporation, and every [foreign] life insurance corporation * * * authorized to transact business in this state * * * shall, for the privilege of exercising corporate franchises or for carrying on business in a corporate or organized capacity within this state * *' * pay a tax on all gross direct premiums, less return premiums thereon, received in cash or otherwise on risks resident in this state * " *. The term ‘premiums,’ as used in this subdivision, shall include all amounts received as consideration for insurance contracts ”.

. Indeed, in 1955, before the Attorney-General issued Ms opinion, the Deputy Superintendent of Insurance and the chief counsel of the Insurance Department actually advised John Hancock Mutual Life Insurance Company that “[1] [t]his Department has taken the position that where an insurance company adopts an employee benefit plan providing for benefits in the case of sickness or accident, the company is not exercising its corporate franchise of doing an insurance business and the cost thereof is not to be considered as taxable premium income.’ ”

. Such reasoning would necessarily call for a “ premium ” tax on the costs of employee benefit plans maintained by employers other than insurance companies. As we have just seen, however, the latter’s plans are not deemed to constitute the transaction of an insurance business and are not subject to a franchise tax. By the same token, neither are the petitioner’s benefit plans.