HON. JAMES H. TULLY, JR. Commissioner of Taxation and Finance
This is in reply to your request for my opinion concerning the application of Tax Law, Section 1510(b)(1) to a new form of group accident and health insurance proposed by the Equitable Life Assurance Society of the United States.
Specifically, you ask whether the amounts received by the Equitable Life Assurance Society of the United States from the contract holders, under a contract pursuant to which the insurance company would guarantee benefit payments to covered employees and then be fully reimbursed by the employer, constitute premiums taxable under section 1510(b)(1) of the Tax Law.
Under the proposed accident and health plan which you submitted with your request, the life insurance company agrees and guarantees to pay the benefits under the policy. The rider to the proposed plan establishes the terms and administrative procedures by which the employer will fully reimburse the insurance company for monies expended by the insurance company in the payments of benefits under the accident and health plan.
Section 1510(b)(1) of the Tax Law states that "every domestic life insurance corporation, and every foreign and alien life insurance corporation authorized to transact business in this state * * * shall, for the privilege of exercising corporate franchises or for carrying on business in a corporate or organized capacity within this state * * * pay a tax on all gross direct premiums, less return premiums thereon * * *."
The tax imposed by section 1510(b) is not a tax on income as such, but it is rather a fee paid by an insurance company for the privilege of exercising a corporate franchise measured by its premiums reasonably attributable to business of this state. (Matter of Guardian Life Ins. Co. v. Chapman, 302 N.Y. 226,239 [1951]).
The proposed accident and health plan of the Equitable Life Assurance Society of the United States, which is authorized to conduct business in New York State, differs from those insurance plans commonly known as "Met-Cat" and "Mini-Met". My opinions regarding the "Met-Cat" and "Mini-Met" plans written in 1966 and 1971, respectively, were based on the fact that under those plans employers were totally liable for a specified portion of the benefits to be paid and the insurance company incurred no liability for the benefits payable from the employers' fund but was liable only for payments in excess of the employers' specified portions. In the proposed plan which you have submitted, the insurance company guarantees payment and is liable for the payment of all benefits. The fact that it is reimbursed by the employer does not remove the fact that it is primarily liable for the payment of the benefits. Indeed, if the employer becomes insolvent the insurance company would still be liable for payments under the contract.
In the case of Matter of Mutual Life Insurance Co. v. N.Y.S.Tax Commission (32 N.Y.2d 348 [1973]), in which it was held that the cost of life and health insurance benefits for employees of life insurance corporations were not taxable as premiums, the Court of Appeals opined:
 "The result is not changed by the fact that, if the petitioner contracted with another insurer to buy the insurance for its employees, the tax imposed by subdivision 2 of section 187 would be payable by that insurer."* (Emphasis by Court.)
In the proposed plan under consideration, the employer has contracted with the insurance company to guarantee the payment of the benefits. The money received for this guarantee, even though it is called a reimbursement, should be considered as a premium, since the term premium encompasses every kind of compensation received as consideration for the insurance contract (cf. Matterof Inter-County Title Guarantee and Mortgage Company v. StateTax Commission, 28 N.Y.2d 179 [1971]).
Accordingly, I conclude that the money received by the insurance company under the proposed plan is a premium which is taxable under section 1510(b)(1) of the Tax Law.
* Subdivision 2 of section 187 was the predecessor to section 1510(b)(1).