LISSIE M. BLUE, APPELLEE, V. CHAMPION INTERNATIONAL CORPORATION, A CORPORATION, APPELLANT.

285 N. W. 2d 511

Filed November 20, 1979. No. 42504.

John E. Hubbard of Kutak, Rock & Huie, for appellant.

John J. Higgins of Eisenstatt, Higgins, Kinnamon & Okun, P.C., for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

This is an appeal from an order of the District Court entered on October 3, 1978, which sustained plaintiff's motion for summary judgment and entered final judgment in her favor directing defendant to make long-term disability payments under the provisions of an employee benefit program. Defendant has appealed.

Plaintiff became employed by defendant in the latter's printing shop as a machine operator in 1968. In 1974 plaintiff began receiving temporary total disability payments under the defendant's long-term disability plan for its employees. Thereafter, she collected long-term disability benefits for 2 years, which are payable for that maximum term when the employee is prevented from performing the regular duties of her existing job. To qualify for payments beyond 2 years, it is necessary that the "disability prevents the Employee from engaging in any occupation or employment for which he is reasonably qualified by education, training or experience." It is the interpretation of this portion of the disability plan in light of the evidence presented that is the subject of this lawsuit.

In support of her claim, plaintiff offered medical reports in the form of letters from her physician, Dr. Tribulato, the most recent of which was dated September 20, 1977, and stated: "I do not think she could stand or sit for a prolonged period of time or do any significant bending, lifting or carrying. * * * I do not think she is suitable for work." She also offered a letter report from Dr. O'Neil dated June 13, 1977, in which he said: "At the present time, I would agree that she has a disability which would preclude her from carrying out work involving heavy lifting, bending, stooping or climbing." To

the offer of the foregoing reports, defendant's counsel objected in the following form: "Exhibits 5 through 9, which are all medical reports from Dr. Tribulato, and the one from Dr. O'Neil, there is no objection for purposes of this motion and there is no objection as long as those reports are being offered to show the exchange of correspondence that took place between the parties to this action. There would be an objection if he is offering those for substantive proof in support of his motion, because there would certainly be no proper and sufficient foundation for admitting that as proof of items contained in the reports. That should be done through deposition, I would think, or by testimony from the doctor. * * * The responses [to requests for admissions] that were made was that, 'Yes, the reports were received.' And, 'Yes, this is what the report says.' The only point I am trying to make is I don't want those reports to substitute for Dr. Tribulato's testimony for purposes of trial." The reports were received by the court, to be considered for the purpose of ruling on the motion.

Defendant's objection was not made in a very artful manner. However, it is obvious that his objection went to the hearsay quality of the evidence in view of the absence of a sworn statement by the physicians, and the objection should have been sustained.

Section 25-1334, R. R. S. 1943, provides in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Plaintiff's contention that defendant failed to assign as error in its motion for a new trial the granting of the motion by the court and the ruling on the admission of evidence is without merit. Paragraph (d) provided: "The court's decision * * * is not sustained by sufficient

evidence and is contrary to law;" and paragraph (e) provided: "Numerous errors of law occurring (sic) at the hearing on Plaintiff's motion for summary judgment duly excepted to by the Defendant." The allegation in a motion for a new trial that there occurred errors of law duly excepted to is sufficient to have reviewed the various rulings of the trial court on the admission or rejection of evidence. Albright v. Peters, 58 Neb. 534, 78 N. W. 1063 (1899).

The only other medical evidence submitted in regard to plaintiff's condition consisted of letters from Dr. Kratochvil dated March 5, 1976, July 20, 1978, and July 24, 1978, which were received without objection. These reports variously stated: "At this time, she is not able to do any bending or lifting, or perform any work which would require this type of activity. In this sense, she is totally disabled." Also, "It is my opinion that she has a 20 percent permanent partial disability as a result of her back condition."

In respect to summary judgments, section 25-1332, R. R. S. 1943, provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The question presented here is not whether the evidence, even including that mentioned above which should have been rejected, was sufficient to support a finding by the fact finder in favor of plaintiff, but whether there exists no genuine issue as to any material fact so that under those facts plaintiff was entitled to a judgment as a matter of law. Green v. Village of Terrytown, 189 Neb. 615, 204 N. W. 2d 152 (1973). Additionally, where the fact to be established is the existence of total disability, as is here involved, it will depend to a certain extent on the inferences to be drawn from the evidence.

Where reasonable minds may differ as to whether an inference supporting the ultimate conclusion can be drawn, summary judgment should not be granted. Pfeifer v. Pfeifer, 195 Neb. 369, 238 N. W. 2d 451 (1976).

We find that reasonable minds could differ as to the inferences to be drawn from the evidence in this case and, therefore, as to whether plaintiff is or is not totally disabled. Accordingly, the plaintiff is not entitled to summary judgment and the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.