LISSIE M. BLUE, APPELLANT, V. CHAMPION
INTERNATIONAL CORPORATION, A CORPORATION,
APPELLEE.
319 N.W.2d 83

Filed May 7, 1982. No. 44047.

John J. Higgins of Higgins & Okun, for appellant.

John E. Hubbard of Kutak Rock & Huie, for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, and HASTINGS, JJ., and QUIST, D.J.

HASTINGS, J.

This is the second appearance of this case. Our

original opinion, which reversed a summary judgment and remanded the case for trial in the District Court, may be found at 204 Neb. 781, 285 N.W.2d 511 (1979). Following that trial, a judgment was entered in favor of Lissie M. Blue on a disability plan furnished by her employer, Champion International Corporation. However, because of certain setoffs allowed Champion, as well as the denial of attorney fees to Mrs. Blue, she has appealed. The assigned errors include the allowance of setoffs against benefits due because of disability income payments received by Mrs. Blue and her minor son, Rickie, from the Social Security Administration; the failure of the court to find that the disability review committee of Champion acted in bad faith in denying disability benefits; and the failure of the trial court to award her attorney fees.

Mrs. Blue began working for Champion sometime in 1968. Prior to October of 1974, she began to experience pain in her back. She received certain short-term disability payments, commencing in 1974, until May of 1975, when she commenced receiving long-term benefits. These continued until August of 1977, when all benefits ceased.

Since sometime in 1977, Mrs. Blue has been receiving social security benefits on a total disability basis. In August of 1977, she began receiving an additional check from Social Security, representing benefits for her 17-year-old son, Rickie.

The disability benefit plan under which Mrs. Blue claimed benefits required her to contribute one-half of one percent of her weekly base pay to that plan. The award of benefits under the plan was administered by a long-term disability committee which consisted of three members appointed by the pension and employee benefits committee of Champion International. It was this committee which rejected Mrs. Blue's claim for benefits beyond August of 1977.

The long-term disability plan provided in part as follows: "5.5 *Non-Duplication of Benefits.* Benefits payable under this Section 5 shall be reduced by the sum of: . . . (b) 50% of the amount of disability income benefits payable for time lost from work under Federal Social Security to which the Employee or his dependents may become entitled . . . ."

The appellant, in effect, concedes that her first assignment of error is without merit. She states at page 20 of her brief: "The provisions of the Social Security Act does [sic] not make it unlawful for an employer to establish a private pension or disability contract which offsets against disability payments, those governmental benefits to which employees may become entitled." That statement is drawn almost verbatim from *Hurd v. Illinois Bell Telephone Company,* 234 F.2d 942 (7th Cir. 1956).

However, moving on to her second assignment of error, in reliance upon *Marsh v. Greyhound Lines, Inc.,* 488 F.2d 278 (5th Cir. 1974), she contends that if a disability review committee performs its functions in bad faith, the provisions for allowing an offset will not be allowed. However, that is not the holding of *Marsh.* Rather, the court there was faced with the problem of reviewing the action of the trustees of an employer pension trust in denying disability benefits to an employee. The plan itself provided that " 'all decisions of the Trustees in administering the Plan shall be final.' " *Id.* at 280. The court responded: "This provision of course will not be permitted to accord complete and unbridled discretion to the Trust. . . . However, Texas law, which governs this diversity case, is fairly clear that such a provision is to be given effect by requiring a showing of bad faith before the courts will interfere with a decision of the Trustees." *Id.* at 280.

Also cited by Mrs. Blue in support of her second assignment of error is *Golden v. Kentile Floors,*

*Inc.,* 512 F.2d 838 (5th Cir. 1975), which is simply a restatement of *Marsh.*

However, whether bad faith existed in the instant case or not, the trial court did interject itself in the decision-making process and overturned the decision made by the review committee. Neither of the cited federal cases compels a finding that bad faith on the part of the committee in determining the existence of disability will require a finding that a wholly unrelated provision of the contract itself will not be enforced. In any event, it was not the committee that concluded that the offset provision shall apply; it was the action of the trial court itself which brought into play that provision of the plan. There is no merit to appellant's second assignment of error.

Finally, Mrs. Blue contends that the disability plan was an insurance policy, and therefore, under the terms of Neb. Rev. Stat. § 44-359 (Reissue 1978), she should have been awarded an attorney fee. The cases cited by Mrs. Blue in support of this proposition relate exclusively to benefit plans originated and administered by various independent relief or employee benefit associations and are not related to company-administered plans. More nearly in point is the case of *Killebrew v. Abbott Laboratories,* 359 So. 2d 1275 (La. 1978). In denying attorney fees because Abbott was not an insurer, the court stated at 1279: "Abbott is not 'engaged in the business of making contracts of insurance' merely because it provides, through a trust, a long-term disability plan for its employees. Abbott does not offer the program primarily for profit, nor is the coverage of its own employees the result of advertisement or solicitation of insurance business from the general public or of holding itself out or doing business as a commercial insurer." See, also, *Mutual Life Ins. Co. v. N Y S Tax Comm.,* 32 N.Y.2d 348, 352, 298 N.E.2d 632, 634, 345 N.Y.S.2d 475, 478 (1973), in which the court

stated that "the coverage of the petitioner's own employees is not the result of solicitation of business or of the petitioner's holding itself out or doing business as a commercial insurer." The disability plan provided by Champion was neither "any type of insurance policy" nor a "certificate issued by a fraternal beneficiary association" within the meaning of § 44-359.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.