SANDRA SCHADE, APPELLANT, V. COUNTY OF CHEYENNE,
A POLITICAL SUBDIVISION, APPELLEE.

575 N.W. 2d 622

Filed March 20, 1998.    No. S-96-507.

Samuel W. Segrist, of Meister & Segrist, for appellant.

Michael J. Javoronok, of Michael J. Javoronok Law Firm, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

Sandra Schade brought an action against the County of Cheyenne for injuries Schade allegedly sustained after slipping and falling in the Cheyenne County Courthouse. The district court granted the county's motion for summary judgment, and Schade sought review by the Nebraska Court of Appeals. The Court of Appeals reversed the judgment and remanded the cause, and the county thereafter filed a petition for further review, which this court granted. Affording Schade every reasonable inference deducible from the evidence, the record discloses a genuine issue of material fact. We affirm.

On January 12, 1993, Schade slipped, fell, and injured her left wrist and thumb while walking down the hall in the Cheyenne County Courthouse. Schade filed notice of her claim pursuant to the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1991 & Cum. Supp. 1992). When no action was taken by the county, Schade filed suit in the Cheyenne County District Court and alleged the county was negligent in allowing water to accumulate, failing to remove the accumulated water, failing to recognize the danger, and failing to warn patrons of the danger. The county denied Schade's claims and alleged she was contributorily negligent.

Following discovery, the county filed a motion for summary judgment, which the district court sustained. The court held:

> Defendant's motion for summary judgment considered and sustained, the Court concluding that the depositions and affidavits submitted clearly establish that defendant had neither actual nor constructive notice of the condition of which plaintiff complains; that such condition was not visible and apparent nor had it existed for a sufficient period of time prior to plaintiff's fall to permit defendant's employees to discover and remedy it.

> Further, there is no evidence that defendant failed to use reasonable care to prevent occurrences of that condition.

The issue before the Court of Appeals was whether the county had constructive notice of the dangerous condition. Schade argued summary judgment was improper because the county's maintenance worker was in the area of the accident

approximately 2 minutes before Schade fell, and he either failed to look or failed to see the water which caused Schade to slip and fall—a condition the maintenance worker characterized as easy to spot. In a memorandum opinion filed September 30, 1997, the Court of Appeals reversed the judgment and remanded the cause, reasoning that sufficient evidence existed to infer the maintenance worker was present when the dangerous condition existed, the condition was visible and apparent, but the condition was not removed. This court granted the county's petition for further review.

The county's sole argument on review is that the Court of Appeals improperly inferred the maintenance worker must have failed to look and see the water on the floor because he was in the area approximately 2 minutes before the fall occurred and saw no water on the floor. The county contends this inference improperly assumes water was, in fact, on the floor at that time and was the cause of the fall. The issue presented to this court is whether the Court of Appeals' inference that water was on the floor when the maintenance worker was in the area was a reasonable inference.

A possessor of land is subject to liability for injury caused to a business invitee by a condition of the land if (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an unreasonable risk of harm to a business invitee; (3) the defendant should have expected that a business invitee such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the defendant failed to use reasonable care to protect the plaintiff invitee against the danger; and (5) the condition was a proximate cause of damage to the plaintiff. *Cloonan v. Food-4-Less*, 247 Neb. 677, 529 N.W.2d 759 (1995).

Based on the maintenance worker's testimony, a fact finder could infer that water was easy to see, that the maintenance worker was in the area in which the accident occurred anywhere from 2 to 15 minutes prior to Schade's fall, and that the maintenance worker was in the area when the dangerous condition was present. Further, a fact finder could also infer that if the

maintenance worker had looked, the water would have been visible, apparent, discovered, and remedied.

Witnesses testified to seeing the maintenance worker in the area a few minutes before Schade fell. Shade testified in her deposition that she saw the maintenance worker in the area of the accident approximately 10 to 15 minutes before she fell. Wayne and Sheila Gray offered affidavit testimony that they saw the maintenance worker "walk through the area in which Sandra Schade fell just a couple of minutes prior to Sandra Schade walking through the area."

Schade testified in her deposition that after she fell she noticed water on the floor and her hand was wet; yet, Schade testified she did not notice a puddle of water on the floor prior to the fall. Thomas Brown testified in his deposition that after Schade's fall, he located a 6 to 8 inch puddle of water on the floor only after kneeling down and looking at the floor from an angle. Brown also failed to see a puddle of water before Schade fell.

The conflicting inferences are that the water existed at the same time the maintenance worker was in the area and he should have discovered and remedied a condition he characterized as easy to spot or that the water was not present at the time the maintenance worker was in the area and he could not discover and remedy the condition—that is, the water accumulated between the time the maintenance worker left the area and the time Schade slipped and fell. The question is which inference is more reasonable, and that decision is reserved for the fact finder.

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 571 N.W.2d 294 (1997). Where reasonable minds differ as to whether an inference supporting the ultimate conclusion can be drawn, summary judgment should not be granted. *Blue v. Champion International Corp.*, 204 Neb. 781, 285 N.W.2d 511 (1979). In fact, summary judgment is not appropriate even where there are no conflicting evidentiary facts if the ultimate inferences to be

drawn from those facts are not clear. *Fisher v. Stuckey*, 201 Neb. 439, 267 N.W.2d 768 (1978). Where two reasonably logical inferences are available, as in the case at bar, appellate courts are obligated to draw the inference most favorable to the nonmoving party.

Disallowing Schade such an inference undermines the summary judgment standard of review. At the summary judgment stage of a lawsuit, the evidence is viewed in the light most favorable to the nonmoving party and the nonmoving party is afforded the benefit of all reasonable inferences. *Battle Creek State Bank v. Preusker, supra.* Not to afford such inferences to the nonmoving party effectively disallows that party a right to proceed to trial. As this court has stated, summary judgment is an extreme remedy because summary judgment may dispose of a crucial question in litigation, or the litigation itself, and may thereby deny a trial to the party against whom the motion for summary judgment is directed. *Bruning v. Law Offices of Ronald J. Palagi*, 250 Neb. 677, 551 N.W.2d 266 (1996). Moreover, overruling a motion for summary judgment effectuates no real harm to the moving party.

For the reasons stated above, the judgment of the Court of Appeals is affirmed.

AFFIRMED.